I concur specially.
The testimony in this case reveals, in addition to those facts as stated in the majority opinion, that the claimants are ready, willing, and able to return to work upon the execution of a new collective bargaining agreement. The testimony also reveals that the employer is ready to resume operation upon the execution of an agreement. *Page 654 
These facts, to me, therefore establish that there is in fact alabor dispute existing between the parties. However, the pertinent statute, § 25-4-78, Code of Ala. 1975, requires that the labor dispute be in active progress.
"Active" has been defined as "expressing action as distinct from mere existence or state. . . ." Webster's Third New International Dictionary. In this instance, with the above definition in mind, I find there is evidence to support the trial court's conclusion that there did not exist such a labor dispute in active progress so as to disqualify the claimant.